IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JERRY RAY ELLISON, Individually and as Next Friend of C.E., a minor, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO: 6:08-CV-00074-WSS |
| HOME DEPOT USA, INC., TECHNIBILT, LTD., CARI-ALL PRODUCTS, INC., and SOCIETE DE GESTION NORDERON, INC., | § § § § § § | |
| Defendants | § | |

## TECHNIBILT, LTD.'S MOTION TO DESIGNATE RESPONSIBLE THIRD PARTY

Defendant, Technibilt, Ltd., ("Technibilt"), files this Motion to Designate Responsible Third Party pursuant to Texas Civil Practice & Remedies Code § 33.004 and for such would show unto the Court as follows:

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff, C.I.E., a minor ("Plaintiff") has filed this action through his father and Next Friend, Jerry Ray Ellison ("Ellison") as a result of a shopping cart accident on March 26, 2006, in the parking lot of a Home Depot store in Waco, Texas. Based on multiple theories, including negligence, strict liability, breach of warranty and gross negligence, Plaintiff seeks to hold Technibilt and Home Depot USA, Inc. responsible for his injuries. Both Technibilt and Home Depot have denied any responsibility for the accident in question and Plaintiff's resulting injuries.

## II. DESIGNATION OF RESPONSIBLE THIRD PARTY

Technibilt denies that it is liable to Plaintiff. However, if any party is responsible for the accident in question and Plaintiff's injuries, then Technibilt says that Ellison was negligent on the occasion in question and that he is solely or partially responsible for same. This conclusion is supported by the following facts:

1. On the day in question, Ellison placed his 54 pound son in the seat of the shopping cart in question despite the presence of a warning to the effect that the child seat was not intended for children exceeding 35 pounds.

2. Ellison was negligent in the manner in which he was pushing the cart when the accident happened. Specifically, instead of holding the handle of the shopping cart and pushing same as he should have been doing, Ellison rested his forearms on the handle of the shopping cart and pushed the cart while holding on to the rear of the seat in which Plaintiff was sitting.

3. As Ellison was pushing the cart in the manner described above, he failed to keep a proper lookout, resulting in his tripping unnecessarily.

4. After Ellison tripped, he failed to let go of the cart and/or grabbed the handle of the cart and/or Plaintiff as he was falling, causing Plaintiff's injuries when the cart tipped to the rear.

5. In addition, or in the alternative, Ellison, while pushing the cart in the unsafe manner described above, failed to watch where he was going and ran over some shredded wood mulch that was in the parking lot where the accident happened. As a result of said conduct, Ellison caused Plaintiff's injuries when the cart tipped to the rear.

Ellison qualifies as a responsible third party under Texas Civil Practice and Remedies Code § 33.011(6) because the acts and omissions of Ellison, as described above, or a proximate or producing cause of the accident in question and the injuries and damages which Plaintiff is seeking to recover herein. For these reasons, then, Technibilt asks that Ellison be designated as a responsible third party pursuant to Texas Civil Practice and Remedies Code § 33.004.

WHEREFORE, PREMISES CONSIDERED, Defendant, Technibilt, Ltd., requests that the Court grant this Motion to Designate Responsible Third Party, and for such other and further relief to which Technibilt may show itself to be justly entitled.

Respectfully submitted,

/s/JAMES H. MOODY, III
JAMES H. MOODY III
State Bar No. 03820050
MATTHEW J. KITA
State Bar No. 24050883
QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (phone) / (214) 871-2111 (fax)

**ATTORNEYS FOR DEFENDANTS TECHNIBILT, LTD.**

## CERTIFICATE OF CONFERENCE

On July 30, 2008, counsel for Technibilt discussed the above and foregoing motion with Plaintiffs' counsel, at which time he indicated he could not agree to the relief being requested herein. Therefore, it is being submitted to the Court for a determination. (Home Depot USA, Inc. does not oppose this Motion.)

/s/JAMES H. MOODY, III
JAMES H. MOODY III

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and forgoing document has been forwarded to all counsel of record on this the 8th day of August, 2008, through the ECF system.

/s/JAMES H. MOODY, III
JAMES H. MOODY III